IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN CAFARO,
    *Plaintiff*,

v.

ACTING COMMISSIONER OF SSA,
    *Defendant*.

CIVIL ACTION
NO. 16-5227

**Jones, II    J.**                                                    November 27, 2018

**MEMORANDUM**

        Before the Court are the Objections of Defendant, the Acting Commissioner of the Social Security Administration ("Defendant"), (ECF No. 17 [hereinafter, "Objections"]), to the Report and Recommendation ("R&R") from the Honorable Elizabeth T. Hey, United States Magistrate Judge. (ECF No. 16 [hereinafter, "R&R"].) After careful consideration of the full record, including the Objections, and Plaintiff's Response thereto, (ECF No. 19 [hereinafter, "Response to Objections"] the Court overrules Defendant's Objections, adopts Judge Hey's R&R in its entirety, and orders that the matter be remanded for further proceedings consistent with the R&R.

**STANDARD OF REVIEW**

        Objections to the R&R are entitled to *de novo* review. 28 U.S.C. § 636(b)(1)(C). However, the review of a final decision of the Commissioner of Social Security is deferential and is limited to determining whether the Commissioner's decision is supported by substantial evidence. 32 U.S.C. §§ 405(g), 1382(c)(3); *see also Jenkins v. Comm'r of Soc. Sec.*, 192 F. App'x 113, 114 (3d Cir. 2006). Substantial evidence is difficult to precisely define; it "'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 522, 565 (1988)). In terms of

the traditional burden of proof standards, substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (internal quotations omitted). In determining whether substantial evidence exists to support the decision of an Administrative Law Judge ("ALJ"), this Court must consider all evidence of record, regardless of whether the ALJ cited to it in her decision. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981). The Court may not overturn the ALJ's findings simply because it would have "decided the factual inquiry differently." *Gaddis v. Comm'r of Soc. Sec.*, 417 F. App'x 106, 107 n.3 (3d Cir. 2011). Where substantial evidence supports the ALJ's findings, the Court is bound to affirm. *Id*.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Susan Cafaro ("Cafaro") is a fifty-seven year old woman with a high school education who previously worked as a manicurist and receptionist in a nail salon. (ECF No. 6-2 – Administrative Record [hereinafter, "R."], at 51). She filed an initial application for disability insurance benefits on May 11, 2013, after the onset of "debilitating double vision, headaches, nausea, dizziness, and vertigo" on January 23, 2013. (*Id*. at 34, 52, 88). This application was denied after a determination that her condition was not severe enough to prevent her from working. (*Id*. at 98-101).

Cafaro subsequently requested a hearing before an ALJ, which was held before the Honorable Linda Thomasson on March 24, 2015. (*Id*. at 48). The ALJ found that Cafaro met the insured status requirements of the Social Security Act ("SSA"), had not engaged in substantial gainful activity since January 23, 2013, and suffered from severe medically determinable impairments of loss of depth perception and limited field of vision in the left eye. (*Id*. at 36). The ALJ also found that Cafaro "has medically determinable impairments of

2

migraines, vertigo, and an anxiety disorder," but that "these alleged impairments do not cause more than minimal limitations in the claimant's ability to perform basic work activities; thus, they are non-severe." (*Id*.)

After determining that Cafaro's severe impairments do not equal the severity of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the ALJ conducted an RFC assessment and determined that Cafaro could "perform a full range of work at all exertional levels except that [she] is limited to work that does not require depth perception or a full field of vision with the left eye. (R. at 38). Additionally, the ALJ found that Cafaro "must not be exposed to ordinary hazards such as unprotected heights, moving mechanical parts, operation of a motor vehicle, uneven ground in low light situations, boxes on the floor, or doors that are ajar." (*Id*.)

In reaching this RFC assessment, the ALJ stated that, "[a]lthough not every Exhibit was discussed individually, the Administrative Law Judge notes that all relevant evidence was considered in arriving at this decision . . . [including] affording the claimant's subjective allegations some credibility." (*Id*. at 40). Based on her RFC assessment and the testimony of a vocational expert, the ALJ determined that although Cafaro could not perform her past relevant work there are jobs that exist in significant numbers in the national economy that she can perform. (*Id*. 39-41).

Cafaro filed her Complaint in this action on October 3, 2016 (ECF No. 1), and a Brief Statement of Issues in Support of Request for Review on March 3, 2017. (ECF No. 11). The Acting Commissioner ("Commissioner") subsequently filed a response on May 1, 2017 (ECF No. 12) to which Cafaro replied on May 11, 2017. (ECF No. 13). This Court then referred the matter to the Honorable Elizabeth T. Hey for a Report and Recommendation. (ECF No. 15).

## DISCUSSION

### I. DEFENDANT'S OBJECTIONS

The Commissioner objects to the R&R on two grounds. First, the Commissioner argues that the Honorable Elizabeth T. Hey incorrectly recommended remand to allow the Commissioner to "obtain an assessment 'to assist the ALJ on determining the limiting effects, if any, of Plaintiff's migraines and vertigo/nausea.'" (ECF No. 17, p. 2). The Commissioner argues that remand on this basis impermissibly invades the ALJ's "responsibility to make a decision on whether an individual meets the statutory standard of disability." (*Id.*, p. 1). Second, the Commissioner argues that before a case may be remanded for failure to develop the record, Plaintiff must show actual prejudice and make an offer of proof as to how a more fully developed record would have advanced her case. (*Id.*, p. 2).

### II. PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS

Cafaro argues that the Objections fail to address the basis for remand in the R&R. First, Cafaro argues that the Honorable Elizabeth T. Hey recommended remand after reviewing the entire record and determining that the ALJ failed to comply with Social Security Regulation 404.1529 and Social Security Ruling 96-7p,[1] because she "'failed to acknowledge the medication and other modalities enlisted to relive Plaintiff's pain . . . [and] erroneously disregarded the testimony of Ms. Cafaro and her husband's statements with respect to the limitations on her daily activities imposed by these impairments." (ECF No. 16, p. 17-19; ECF No. 19, p. 2). Second, Carfaro argues that she did not move for review of the ALJ's decision to further develop the record pursuant to sentence six of 42 U.S.C. § 405(g). Thus, she was under no obligation to

---

[1] As Judge Hey noted, in March 2016 the Social Security Administration issued S.S.R. 16-3p, which superseded S.S.R. 96-7p. Although S.S.R. 16-3p eliminates the use of "credibility," it similarly requires the ALJ to consider the same factors set forth in S.S.R. 96-7p. For consistency with the filings to date, the Court will refer to S.S.R. 96-7p.

4

make an offer of proof about additional evidence or show how she would be prejudiced without it. (ECF No. 19, pp. 2-3).

### III. THE ALJ'S DECISION THAT PLAINTIFF IS NOT DISABLED IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

After conducting a *de novo* review of the entire record, the Court agrees with the Honorable Elizabeth T. Hey that the ALJ's decision that Cafaro is not disabled is not supported by substantial evidence. In accord with the R&R, this Court also finds that the ALJ failed to properly apply the two-step evaluation of Plaintiff's subjective complaints required by S.S.R. 404.1529 and S.S.R. 96-7p, having found that Cafaro had medically determinable impairments. Without this evaluation, the ALJ's decision regarding Cafaro's disability status necessarily lacked substantial evidence.

#### A. The ALJ's Residual Functional Capacity Evaluation did not Adequately Consider Plaintiff's Subjective Complaints

The Commissioner insists that the basis for remand set forth in the R&R impermissibly impinges upon the province of the ALJ to determine whether an individual has a statutorily defined disability. For the reasons that follow, the Commissioner's objection is overruled.

In considering whether Cafaro met the statutory standard of having a disability, the ALJ followed the five-step analysis required by the SSA's regulations at 20 C.F.R. § 416.920(a)(4). *See also, Zirnsak v. Colvin*, 777 F.2d 607, 610 (3d Cir. 2014). Cafaro appealed the ALJ's finding that she did not have a disability based on step two of the analysis, which involved the ALJ evaluating Cafaro's medically determinable impairments and their respective severity. *See* 20 C.F.R. § 416.920(a)(4)(ii), (c); (ECF Nos. 11, 13, 16). Given the relatedness between the severity analysis at step two and the residual functional capacity ("RFC") assessment at step four, as well as the use of the RFC assessment at step five, the Honorable Elizabeth T. Hey focused her analysis on the ALJ's RFC determination rather than a pure step-two review. *See* 20

C.F.R. § 416.920(e); (ECF No. 16). The Court agrees with this approach.

Although the ALJ determined that Cafaro only had two severe, medically determinable impairments, she stated that she considered the limitations and restrictions arising from all of Cafaro's medically determinable impairments, including her migraines, vertigo, and anxiety, in her RFC assessment. (R. 38). In her analysis, the ALJ specifically identified the medical records of three of Cafaro's treating physicians and two state agency medical consultants. The ALJ also stated that she "carefully evaluated the claimant's subjective allegations, including those of disabling pain in accordance with S.S.R. 404.1529 and S.S.R. 96-7p." (*Id*. 38-40). After considering the medical evidence of record, Cafaro's daily activities, and her appearance and demeanor at the hearing, the ALJ determined that Cafaro:

> . . . has the residual functional capacity to perform a full range of work at all exertional levels except that [she] is limited to work that does not require depth perception or a full field of vision with the left eye. . . .

(*Id*. 38). In reaching this decision, the ALJ found that Cafaro's "subjective allegations are exaggerated and not fully credible to the extent that [she] alleges to be 'disabled' by them" when "contrasted with the record as a whole." Thus, the ALJ's RFC assessment hinged on a credibility assessment.

As an initial point, it is within the province of the ALJ to evaluate the credibility of witnesses. *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983). An ALJ's "findings on the credibility of claimants 'are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.'" *Irelan v. Barnhart*, 243 F. Supp. 2d 268, 284 (E.D. Pa. 2003). Under Third Circuit law, an ALJ must consider statements of a claimant concerning her symptoms, but the ALJ is not required to credit them. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011) (*citing* SSR 96-7p, 20 C.F.R. § 404.1529(a)). However, where an ALJ disregards a plaintiff's subjective complaints due to contrary evidence of

record, the ALJ must provide her reasons for doing so. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 122 (3d Cir. 2000); *Matullo v. Bowen*, 926 F.2d 240, 245 (3d Cir. 1990) (noting that an ALJ may reject a claim of disabling pain where he has considered subjective complaints and specified reasons for rejecting the claim). Moreover, an ALJ must give weight to a claimant's subjective testimony when it is supported by competent medical evidence. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429 (3d Cir. 1999). As explained by the *Schaudeck* court, where:

> the adjudicator has observed the individual, the adjudicator is not free to accept or reject that individual's complaints solely on the basis of such personal observations. Rather, in all cases in which pain or other symptoms are alleged, *the determination or decision rationale must contain a thorough discussion and analysis of the objective medical and the other evidence, including the individual's complaints of pain or other symptoms and the adjudicator's personal observations. The rationale must include a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the individual's ability to work.*

*Id*. (emphasis in original).

Here, the ALJ notes that she afforded Cafaro's "subjective allegations some credibility," though she believed Cafaro's "subjective allegations are exaggerated and not fully credible." (R. 39). Specifically, after reviewing the record and finding a lack of "recent aggressive medical treatment, frequent inpatient hospital confinement, or significant emergency room care," the ALJ found that Cafaro's "impairments could reasonably be expected to cause some of the alleged symptoms; however [Cafaro's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are consistent with a finding of disability." (*Id*. at 39-40).

However, without an explanation of which subjective complaints the ALJ found credible, and which were found to be contradicted by the record, the Court is unable to find that substantial evidence supports the ALJ's RFC assessment and finding that Cafaro does not have a statutorily defined disability. The ALJ's analysis does not include any detail regarding the: (1)

7

location, duration, frequency, and intensity of Cafaro's symptoms; (2) precipitating and aggravating factors; (3) type, dosage, effectiveness, and side effects of any medication Cafaro took to alleviate her symptoms; (4) other measures Cafaro used to relieve her pain and symptoms; and (5) other information about Cafaro's functional limitations and restrictions due to her pain. 20 C.F.R. § 404.1529(c)(3)(ii)-(vii). Yet, the ALJ discredited Cafaro's statements on these points to some unspecified degree. Boilerplate language acknowledging compliance with the SSA's regulations is insufficient where an ALJ asserts that the record belies the claimant's subjective complaints. This is especially the case where the ALJ points to the *absence of evidence* in the record in support of her determination, without resolving why *record evidence that supports the claimant's subjective complaints* should not be credited.

As an example, the ALJ relies upon the records of Robert Braunfeld, D.O., Cafaro's primary care physician who treated her from September 10, 2012 until August 11, 2014 for her ocular issues. (R. 254-280, R. 378-386). On April 22, 2013, four months after the alleged date of onset, Cafaro visited Dr. Braunfeld "complaining of nausea, recurrent vertigo, and recurrent headache." (R. 278). At this visit, Dr. Braunfeld also noted that Cafaro "has suffered permanent visual impairment. She is having constant diplopia. Currently she is taping Scotch tape over her left lens." (*Id*.). He prescribed her Antivert and Compazine for nausea, Donnatol and Belladonna Alk-Phenobarbital for abdominal discomfort, and Vicodin for pain. (R. 60-61, 279; *see also*, ECF No. 16, pp. 18-19).

The ALJ mentions none of this, noting only that Dr. Braunfeld "noted that the claimant's pupils were equal, round, and they reacted to light and accommodation." (R. 39). Moreover, the ALJ finds signifcant that Cafaro did not have "frequent inpatient hospital confinement, or significant emergency room care," but fails to acknowledge the numerous prescriptions that

Cafaro was prescribed by Dr. Braunfeld and other treating physicians, or the other modalities she employed to mitigate her pain and symptoms. (*Id*. 39-40; ECF No. 16, p. 19). Cafaro testified that she puts tape over her glasses, ice on her head, and lies down to improve her vertigo that occurs several times a day and nausea that she experiences several times a week. (R. 58-62). Dr. Braunfeld also prescribed her medication for the symptoms. (R. 60-61, 279; *see also*, ECF No. 16, pp. 18-19). However, the ALJ's report is silent on these points.

Finally, although the ALJ stated that she considered all of Cafaro's medically determinable impairments, and not just those that were severe, the ALJ's specific citation to the medical evidence of record focuses on Cafaro's ocular issues, without any stated consideration of the medical evidence regarding Cafaro's claims of migraine, vertigo, and anxiety. (*See* R. 39).

Accordingly, the Court agrees that the ALJ did not appropriately consider Cafaro's subjective complaints as required by S.S.R. 404.1529 and S.S.R. 96-7p. Moreover, as the ALJ's RFC assessment hinged on a credibility assessment, the ALJ was required to do more than outline medical evidence that supported her decision. Rather, "[t]he ALJ should have set out, with specificity, which objective medical evidence negated Plaintiff's subjective complaints [because] [a] general conclusion that Plaintiff's subjective complaints are not fully credible, without a full and logical explanation of the overriding objective evidence, does indeed evince a cursory analysis. *Levere v. Barnhart*, No. 01-1611, 2002 WL 413923, at *3 (E.D. Pa. Mar. 15, 2002) (adopting a Report and Recommendation to remand after holding that Magistrate Judge Peter B. Scuderi correctly concluded that the ALJ "failed to properly apply the necessary two-step evaluation to Plaintiff's subjective complaints").

Contrary to the Commissioner's objections, neither the Honorable Elizabeth T. Hey's nor this Court's finding on this point impermissibly impinges upon the ALJ's responsibility to

determine what qualifies as a statutorily defined disability. Though it is within the Commissioner's purview to determine whether an individual meets the statutory standard of disability, it was the Honorable Elizabeth T. Hey's, and is now this Court's, responsibility to determine whether substantial evidence supported that decision. Given the failures set forth above, the Court's finds it does not.

### B. Judge Hey's Recommendation for an RFC Assessment by a Treating Physician

The Commissioner's second objection concerns the Honorable Elizabeth T. Hey's recommendation that the ALJ obtain a RFC assessment from one of Cafaro's treating physicians. The Commissioner argues that if Cafaro would like an opportunity to further develop the record she must make an offer of proof regarding the applicability of such new evidence and demonstrate how she will be prejudiced without it. However, as noted in Cafaro's Response to Objections, she did not seek review and remand on this basis. (ECF No. 19, pp. 2-3). Additionally, the lack of such an assessment was not the basis for remand in the R&R. (*See id.*, pp. 1-3; *see also* ECF No. 16, p. 19). Rather, as set forth above, the Honorable Elizabeth T. Hey recommended remand because the ALJ's RFC assessment, critical to both steps four and five of a disability determination, was not supported by substantial evidence given the ALJ's failure to consider Cafaro's subjective complaints as required by S.S.R. 404.1529 and S.S.R. 96-7p.

Accordingly, the Commissioner's objection regarding Cafaro's burden to make an offer of proof as to how a more fully developed record will advance her case and how she would be actually prejudiced without it, is without merit. Moreover, the Court agrees that an assessment by one of Cafaro's treating physicians, though not required, would be helpful to the ALJ's reconsideration of this matter on remand.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will approve and adopt the R&R *in toto* and remand this matter to the Commissioner for further proceedings in accordance with the R&R and the accompanying Order.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II    J.